**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

FILED
DISTRICT COURT
DISTRICT OF MARYLAND

2011 AUG 15 P 2: 03

CLERK'S OFFICE
AT GREENBELT

DANIEL H. ROSS                          ]
                                        ]
               Plaintiff,               ]
                                        ]
       v.                               ]   **Case No. 8:10-cv-3090-PJM**
                                        ]
**FEDERAL BUREAU OF ALCOHOL**,          ]
**TOBACCO, AND FIREARMS**, et al.,      ]
                                        ]
               Defendants.              ]


## PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, who, pursuant to the Order of this Court filed on August 4, 2011, granted leave to file an amended complaint, and, as reasons therefore, shows unto this Honorable Court:

1.     Except as otherwise pled in the original pro se complaint, Plaintiff amends the complaint by naming the individual Defendants, Kenneth E. Melson, Acting Director, William J. Hover, Acting Deputy Director, and Special Agent Macy, of the Bureau of Alcohol, Tobacco, Firearms and Explosives; Timothy P. Murphy, Deputy Director and Daniel D. Roberts, Assistant Director of the Criminal Justice Information Services Division, as identified individual federal agents of the ATFE and FBI, parties to the complaint. The Defendants, individually and collectively, were empowered and duly authorized to prevent or aid in preventing the

purportedly violation of Plaintiff's constitutional rights. As a direct and proximate result of the wrongful acts and omissions of the Defendants complained of herein, whether directly or indirectly, as directors, acting directors and special agent, of the ATFE and FBI, Defendants are responsible for natural consequences of specific action taken by them and by the ATFE and FBI division of the United States they manage and operate and are liable to the Plaintiff.

2. Nothing in the original Complaint or in the Amended Complaint shall be construed to invalidate or limit the remedies, rights, and procedures of any Federal law or law of any State or political subdivision of any State or jurisdiction that provides greater or equal protection for the rights of Plaintiff is not without a remedy alleged to be a violation of 18 U.S.C. § 925A, and with respect to the provision of 28 U.S.C. § §1331 and 1343. This court is vested with authority to grant the requested Declaratory relief by operation of 28 U.S.C. § § 2201 and 2202 and pursuant to Rule 57 of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

3. By Order dated August 4, 2011, this Court entered an ordered Plaintiff shall have **21 DAYS** leave to file an Amended Complaint and

Defendants shall then have **21 DAYS** thereafter to file an appropriate response.  Specifically, the Order provides in part:

"As Ross's Complaint stands, as opposed to his subsequent pleadings in the case, it does not allege that Ross has been denied a firearm since the FBI told him that it corrected the felony conviction in the NICS system or that it was delaying its response presumably based on the misdemeanor conviction that may have involved domestic violence.  But in his response to Defendants' Motion to Dismiss, Ross claims that a second denial of purchase occurred on February 12, 2011, after Defendants filed that Motion to Dismiss in this case.  He alleges that his request was initially delayed due to a background check, and that three days after his initial attempt, he was told by the FFL that the FBI had in fact "denied" the firearm transfer.  The question of just what the FBI did do in the case remains open.  Accordingly, taking Ross's pro se status into account, the Court will grant him leave to submit an Amended Complaint that sets out what he contend are the more recent facts of his case."

Having identified the individual federal agents, Plaintiff now identified the specific action taken by an individual agent [although collectively], and amends as follows:

4.     On February 12, 2011, after this Complaint was filed, and in response to Defendants' Motion to Dismiss, Plaintiff attempted to purchase a firearm for self-defense and hunting purposes.  Plaintiff alleges that the firearm was not transferred to him on that day, and that three days later, when he inquired of the FFL why not, the FFL informed him that the FBI had denied his transfer.  In support of this allegation, a copy is attached indicating that the ATF delayed transaction until 2-17-11 PAT – 1291 ATF called back on 2-15-11 denied status Agent Macy –K648384 NICS Transaction # 1R76-7GF, and respectfully submits in evidence against Defendants under the penalty of perjury and pray it be liberally construed and accepted by this Court.

5.     Conjecture, speculation and fears are not enough.  For nearly a quarter a century, Plaintiff has demonstrated that he poses no danger to the public's safety.

6.     Plaintiff has legally and without incident possessed firearms in the performance of his duties while employed in Law Enforcement to protect and secure the public's safety.

7.     Plaintiff retains the essence of citizenship inherent and bestowed upon all persons born or naturalized in the United States of America, pursuant to North Carolina General Statutes 13-1 subsequent to his

release from N. C. prison on June 1, 1983. Plaintiff has not voluntarily relinquished that right and there is no evidence of such a voluntary act.

8.     In the event Defendants should decide to force litigation further and "holding that the Government bears the burden to demonstrate this "reasonable fit," by the majority circuit courts, and that the Government has not, in this case, had the opportunity to offer any evidence in support of its constitutionality pursuant to the Eighth Amendment, then Plaintiff amends the amended complaint to allege:  Section 922(g)(9) by analogizing it to Section 922(g)(1) as inappropriate as applied to Plaintiff in light of Eighth Amendment's prohibition against "excessive" sanction.     Plaintiff respectfully alleges Section 922(g)(1) automatic, exceptionless, and perpetual firearms prohibition is excessive and violate the Eighth Amendment.

9.     Plaintiff respectfully alleges that although the constitutionality of 922(g)(9), in the wake of *Chester*, remains unresolved in the Fourth Circuit, but that the majority of other circuits has held that Congress acted within its authority under the Commerce Clause in enacting the statute. [No] Court] has had any occasion to address that in light of the Eighth Amendment against [excessive] prohibition. Notwithstanding the Fifth and Eighth Amendments' prohibition, the statute divest a convicted person of the

availability of self-defense, including those with an exemplary law-abiding record in the intervening years for possession of a firearm unlike others having availability of self-defense.  Since the statute has no *mens rea* requirement for the justification defense to negate [rendering a convicted defendant's state of mind irrelevant], it shifts the burden of proof on the defendant rather than on the prosecution, unlike non-convicted defendants and violate the Fifth and Eighth Amendments' prohibition.  Thus , it is urged that Congress's authority is [not] unlimited and that in a situation such as this one, Congress's authority was abused.

10.    The first time Plaintiff learned that a different aspect of Plaintiff's record presented "potentially prohibitive criteria" was on July 17, 2010, and even then, there was no mention of what that so-called different aspect of Plaintiff's record was, until he received a response from Defendants after he had filed the lawsuit in this Court.  The erroneous report has not been neutralized by subsequent information provided by Defendants, which caused the Plaintiff' to suffer a grievous loss of "liberty" or "property" interest.

WHEREFORE, Plaintiff thank the Court for taking his pro se status into account on August 4, 2011, and prays for the following relief.

(a)     That the Amended Complaint be liberally construed to less stringent standards that formal pleading filed by bar members;

(b)     that the Court assert supplemental jurisdiction under 28 U.S.C. § 1367 insofar as the Complaint and Amended Complaint concerns North Carolina General Statute 13-1 upon his release from prison on June 1, 1983, restoring his civil rights, including the North Carolina State Court Order dated August 23, 2004;

(c)     Declare Defendants' refusal to grant Plaintiff permission to exercise fundamental protections to defend his home, family, or himself to be unlawful;

(d)     Enjoin Defendants from continuing to refuse to grant Plaintiff a permit to defend his home, family, or himself;

(e)     Enjoin Defendants from continuing to classify Plaintiff as a "potentially irresponsible and dangerous person;"

(f)     That Plaintiff be awarded all attorney's fees;

(g)     That Plaintiff be awarded all costs of Court;

(h)     That Plaintiff recover such other relief as may be just and proper under the facts and circumstances of this case.

Respectfully submitted this 14th day of August 2011.

I solemnly affirm under the penalty of perjury and upon personal

knowledge the contents of the foregoing affidavit are true.

Executed on August 14, 2011
                DATE                           DANIEL H. ROSS


Daniel H. Ross
15722 Chadsey Lane
Brandywine, MD  20613
(301) 787-2532

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day August, 2011, a copy of the foregoing

first class, was mailed postage prepaid to:

Rod J. Rosenstein, U.S. Attorney
Neil R. White, Assistant U.S. Attorney
United States Courthouse
6500 Cherrywood Lane, Room 400
Greenbelt, Maryland 20770

OF COUNSEL
Eden I. Miller
U.S. Assistant U.S. Attorney
Office of the General Counsel
Federal Bureau of Investigation
Washington, D.C.  20535

David J. Rose
Office of Chief Counsel
Litigation Division
Bureau of Alcohol, Tobacco, Firearms and Explosives
Washington, D.C.  20226

Daniel Hubert Ross
15722 Chadsey Lane
Brandywine Lane  20613

(301) 787-2532