FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 MAY 21 A 9 00

CLERK'S OFFICE
AT GREENBELT

BY ___GB___ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANIEL H. ROSS
    Plaintiff,

v.

FEDERAL BUREAU OF
ALCOHOL, TOBACCO, FIREARMS,
And EXPLOSIVES, et al.,

    Defendants.

Case No.: 8:10–CV-03090 (PJM)

COMES NOW the Plaintiff, Daniel Ross, who moves the Court for entry of Summary Judgment in his favor and against defendants pursuant to Federal Rules of Civil Procedure 56, and upon grounds as follows:

1    The Declaration of Monica D. Hamner, Document 17-2 Filed 09/06/11 Page 5 of 7, is inadmissible. Ms. Hamner lacks personal knowledge and the district court's record does not reflect that the declaration's admission has been met which is an infringement of plaintiff's due process right to confront and cross-examine adverse witnesses' declaration that plaintiff is barred from exercising Second Amendment right. Said declaration is being the basis of the North Carolina Department of Correction's *web site* and is neither based on Ms. Hamner's personal knowledge nor based on use of an official record of the North Carolina Trial Court, evidencing that the disputed 03/12/1965 Arrest for Assault on Female was recorded or filed in the North Carolina Trial Court as authorized by law. If Ms. Hamner's testimony is about charging document regarding an arrest, or judgment and commitment of the North Carolina Trial Court, then the evidence for submission must be authentic, certified, and properly identified before receiving in the district court's record. The district court's record reflects that based on Ms. Hamner's personal knowledge, she declares under the penalty that the 03/12/1965 North Carolina Arrest for Assault on female is without any recorded disposition that the NICS Section has been able to obtain. Assuming arguendo that Ms. Hamner's declaration is true, then the district court's record does not reflect that the Declaration is admissible under <u>United States v. Medford</u>, 661 F.3d 746, 751 (4th Cir. 2011). That same standard applies to a district court's admission of evidence under Federal Rule of Criminal Procedure. <u>United States v. Doswell</u>, No.

11-4190 (decided March 2, 2012), both on which plaintiff heavily relies. That is the factual predicate for plaintiff's civil rights claim for which he seeks injunctive and declaratory relief. United States v. Olano, 507 U. S. at 732 (quoting United States v. Young, 470 U. S. 1, 15 (1985) (internal quotation marked omitted).

2      In the Declaration of Monica D. Hamner, Document 17-2 Filed 09/06/11 Page 5 of 7, Ms. Hamner declares that the North Carolina Department of Correction's web site show an entry on 03/06/69 for Assault with Deadly Weapon and an entry for First Degree Murder on 03/20/1969. Plaintiff objects. Charging documents have not been provided for inspection and challenge. All parties recognize that federal law bars anyone convicted of certain crimes from purchasing guns, including those convicted of a State-law misdemeanor that is punishable by more than two years in prison. See 18 U.S.C. § 921(a) (20)(B). Neither party disagrees with this analysis. All parties agree that the felony conviction was nullified on 06/01/1983. The 03/06/1969 conviction of the State-law misdemeanor involved an "automobile" accident or negligent conduct and provides no support for the definition of "misdemeanor crime of domestic violence" in Section 18 U.S.C. § 922(g) (9) pursuant to the Fourth Circuit's interpretation of North Carolina law. See United States v. White, 606 F.3d 144, 151-153 (4th Cir. 2010), which relied on Johnson v. United States, 130 S. Ct. 1265 (2010) to disqualify common-law battery as a "misdemeanor crime of domestic violence," and Lecoal v. Ashcroft, 543 U. S. 1 (2004), holding that accidental or negligent conduct provides no support for the definition of "misdemeanor crime of domestic violence" in Section 922(g) (9). The 03/06/69 State-law misdemeanor was not punishable by more than two years under North Carolina law and that therefore, falls within the ambit of 18 U.S.C. § 921 (a) (20) (B). Again, neither party disagrees with this analysis. With respect to the district court's assurances regarding the veracity of the plaintiff's declaration, in the beginning, plaintiff was truthful and forthright inserting in the original complaint filed in the court, nullification of his felony conviction and his conviction of the State-law misdemeanor, not punishable by more than two years under North Carolina law. Where defendants and plaintiff part company is with the issue of whether the 03/12/1965 Arrest for Assault on Female bars plaintiff from exercise of Second Amendment right? The district court's record reflects that that is disputed by the plaintiff.

3	Prohibition under 18 U.S.C. § 922(g) (9), cannot, constitutionally be based the 03/12/1965 Arrest for Assault on Female where both Ms. Hamner, in her declaration and the government concede that said Arrest is without any recorded disposition that the NICS has been able to obtain that shows conviction for domestic violence criminal offense. Even assuming arguendo that there was a 03/12/1965 Arrest for Assault on Female, although disputed by the plaintiff, subsequent to an arrest, the charge could be dropped, dismissed, or a finding of not guilty. The district court should not have to second-guess this information. Departing from fairness, integrity, or public reputation of judicial proceedings, neither the U. S. attorney nor Ms. Hamner, has yet to provide both the district court and the plaintiff with a certified copy of the 03/12/ 1965 charging document for inspection and challenge. Instead, the government asks the district court to engage in the very behavior the categorical approach is intended to avert inappropriate judicial fact finding and contrary to United States v. Carter, No. 09-5074 (decided January 23, 2012) and United States v. Moore, No. 10-4474 (decided January 25, 2012) on which plaintiff relies. Without the state charging document being part of the district court's record, the district court has no opportunity to consider the charging documents no more than the plaintiff has the opportunity to litigate their validity or gauge their implications, therefore leaving pro se plaintiff powerless to depose the government's affiant or state a facially plausible claim for relief. See example, Dunbar Corp. v. Lindsey, 905 F.2d 754, 763-64 (4th Cir.1990); *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (applying *Twombly* and *Iqbal* standard to pro se complaints); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).

4	In the case of § 922(g) (9), there is nothing in the text of the statute, or in any related legislation, that even suggests - - let alone shows - - that Congress intended to prohibit a person from purchasing a firearm based on an Arrest without any recorded disposition or conviction. It is inconceivable that the district court would imposed a criminal career sentence on a defendant based on a presentence report based on an "arrest" rather than on a "conviction" for a criminal offense. Common sense conveys no different message regarding the presumption of innocence until proven guilty beyond a reasonable doubt. Pursuant to the provisions of 28 U.S.C. § 1746, plaintiff, hereby declares under the penalty of perjury that he has not ever been arrested or convicted for a domestic violence offence defined under 18 U.S.C. (§ 922(g)(9). Without question, the presumption of innocence plays an important role in our criminal justice system

and in the instant case here. Taylor v. Kentucky, 436 U.S. 478, 485 (1978); see Estelle v. Williams, 425 U.S. 501 (1976); In re Winship, 397 U.S. 358 (1970); 9 J. Wigmore, Evidence 2511 (3d ed. 1940); Coffin v. United States, 156 U.S. 432, 453 (1895). Does not the "presumption of innocence" until proven guilty or proof beyond a reasonable doubt even applies in the case of Plaintiff Ross? Straightforward reading of § 922(g) (9), suggests that is fully consistent with the holdings set forth above. If prohibition under 18 U.S.C. (§ 922(g)(9) can constitutionally be based on an "Arrest," then prohibition on "Criminal Conviction" which is a prerequisite of proof beyond a reasonable doubt would not be germane.

5 For 29 years, plaintiff has been a law-abiding responsible citizen for Second Amendment purposes. He has been employed in Law Enforcement with Firearm verification to protect federal, state, and local law enforcement officers, including the general public at large. A copy has previously been attached and provided to the district court in his filings. Plaintiff invites the district court's attention to undisputed fact that subsequent to his felony conviction having been nullified on 06/01/1983, both the FBI and North Carolina SBI, for 27 years afterward, wrongfully categorized plaintiff as a convicted felon without any sanction being imposed by the district court. That after its illegality was uncovered and proven beyond a reasonable doubt to the district court, out of thin air; the government conjured up some mysterious and unfound 03/12/1965 North Carolina Arrest for Assault on Female which is disputed by the plaintiff. Approximately two years ago, plaintiff attempted to acquire a shotgun for hunting and self-defense purposes. As required by the Brady Handgun Violence and Prevention Act, Pub. L. 103-159, 107 Stat. 1536, plaintiff's name and information was checked against the Instant Criminal Background System ("NICS") to see if he was eligible to purchase a firearm. The background check revealed that plaintiff was a convicted felon contrary to the United States District Court decision rendered on June 1, 1983, and contrary to his rights under the Second Amendment's Supreme Court precedent, *Columbia v. Heller* and *McDonald v. City of Chicago*.

6 The district court's record does not reflect (1) that plaintiff is "dangerous and is not a law-abiding, responsible citizen" and (2) that even if the district court's record does reflect a misdemeanor conviction it does not reflect an established conviction for domestic violence beyond a "reasonable doubt." Viewing the evidence, as the district court must, in the light most favorable to pro se plaintiff, this Court, nonetheless, should find that the government failed to make the record to substantiate the fit between its objective and the means of serving that

objective. Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), cert. denied, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978).

7    Since the government has admitted to the district court that this listing prevents plaintiff now, and into the future, from any such exercise of his Second Amendment rights, plaintiff has demonstrated standing for the claim that he makes under Northeastern Fla. Chapter, Associated Gen. Contractors of Am. v. City of Jacksonville, 508 U.S. 656, 663 (1993); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61(1002).

8    Plaintiff respectfully submits that the district court has jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 2201 (Declaratory Judgment Act). Venue is proper under 28 U.S.C. § 1391. Plaintiff argues that the government bears the burden of demonstrating (1) that it has an important governmental "end" or "interest" and (2) that the end of interest is substantially served by enforcement of the regulation (§ 922(g)(9).

9    Wherefore plaintiff prays the Court views the facts in a light most favorable to him and for an order requiring Defendants to remove his firearms disability from NICS pursuant to 18 U.S.C. § 925(a) and permanently enjoining Defendants from enforcing 18 U.S.C. § 922(g)(9) with respect to his rights under the Second Amendment.

Respectfully submitted

Daniel H. Ross,

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of May, 2012, a copy of the foregoing was mailed, first class mail, postage prepaid, to:

United States Attorney
For the Defendants
6500 Cherrywood Lane
Greenbelt, MD 20770

Daniel Hubert Ross
15722 Chadsey Lane
Brandywine, MD 20613
(301) 787-2532